**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INDUSTRIAL COMMERCIAL CLEANING GROUP, INC.,<br>14 S. Burnt Mill Rd.<br>Voorhees, NJ 08043<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSPORTATION AUTHORITY,<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001<br><br>Serve: Suraya Sabri, Esq.<br>WMATA, Associate Counsel<br>600 Fifth Street, NW<br>Washington, DC 20001<br><br>Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff Industrial Commercial Cleaning Group, Inc. ("ICCG") brings this action against Defendant Washington Metropolitan Area Transportation Authority ("WMATA") to compel WMATA's compliance with its own Public Access to Records Policy ("PARP"). As grounds therefore, and in support thereof, ICCG avers as follows:

**The Parties**

1.    Plaintiff ICCG is located at 14 S. Burnt Mill Road, Voorhees, NJ 08043. ICCG is a leader in the industry of commercial cleaning and provides services ranging from basic building maintenance to hi-tech cleaning.

1

2.      Defendant WMATA is located at 600 Fifth Street, N.W., Washington, D.C. 20001. It operates and administers the D.C.-area Metro.

3.      WMATA is an interstate compact agency and, by the terms of its enabling legislation, an agency and instrumentality of Washington, D.C., Maryland, and Virginia.

4.      WMATA is also treated as a federal agency.

### Jurisdiction and Venue

5.      The Court has jurisdiction over this action pursuant to Article XVI, Section 81 of the WMATA Compact, adopted and codified by District of Columbia Code § 9-1107.01, which provides that U.S. District Courts have original jurisdiction over all actions brought by or against WMATA.  *See* 89 PUB. L. 774, 80 STAT. 1324 (1966); *see also* WASH. METRO. AREA TRANSP. AUTH., *Public Access to Records Policy: Policy/Instruction 9.3/1* § 9.3.2, at p. 15 (Jan. 17, 2019).

6.      The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (2018).

7.      As explained more fully below, ICCG has exhausted its administrative remedies, and therefore, ICCG's claim is properly before the Court.  *See* WASH. METRO. AREA TRANSP. AUTH., *Public Access to Records Policy: Policy/Instruction 9.3/1* § 9.2.3, at p. 15 ("A Requester shall be deemed to have exhausted his administrative remedies if WMATA fails to issue a Decision on a request within twenty (20) working days. . . .").

8.      Venue properly lies in the U.S. District Court for the District of Columbia because WMATA resides within the district, and a substantial part of the events giving rise to this claim arose within the district, as well.  *See* 28 U.S.C. §§ 1391(b)(1)–(2) (2018).

## Factual Background

9.      WMATA possesses records to which ICCG seeks access but has been denied.

10.     More specifically, ICCG is seeking records related to bids submitted in response to a publicly-bid project known as WMATA's IFB FQ19281.

11.     ICCG submitted a bid in response to IFB FQ19281, but WMATA awarded the contract to another bidder.

12.     ICCG should have been awarded the contract as the responsible and responsive bidder, and the documents now sought by ICCG via its PARP request are necessary to assessing WMATA's compliance with its own bid requirements and competitive bidding laws, as well as pursuing a lawful bid protest.

13.     Thus, ICCG submitted a PARP request for these documents on January 16, 2020.

14.     PARP was established by WMATA pursuant to Article 5 of the WMATA Compact, and it makes official public records, including electronic records, available to the public for inspection and copying to the greatest extent possible unless exempted from disclosure.  *See* WASH. METRO. AREA TRANSP. AUTH., *Public Access to Records Policy: Policy/Instruction 9.3/1* § 1, at p. 1 (hereinafter "PARP").

15.     PARP is to be interpreted and applied consistently with the federal Freedom of Information Act (FOIA).  *See* 5 U.S.C. § 552 (2018).

16.     In accordance with WMATA's PARP policies and procedures, ICCG emailed its request to PARP@wmata.com.  A true and correct copy of ICCG's PARP Request is attached hereto as **Exhibit A**.

17.     Additionally, ICCG mailed a hard copy of its request to the following address that same day: Washington Metro Area Transit Authority, Office of General Counsel – 2nd Floor, ATTN: PARP/Privacy Administrator, 600 Fifth Street, N.W., Washington, D.C. 2001.

18.     ICCG requested the following:

**Complete copies of any and all bids submitted in response to Solicitation IFB FQ19281 – 2019 for the Right of Way Cleaning – General Services.**

19.     WMATA acknowledged receipt of ICCG's January 16th PARP Request on January 27, 2020.  A true and correct copy of an Email from Suraya Sabri, Esq., Associate Counsel of WMATA, to Shawn Farrell, Esq. (Jan. 27, 2020, 2:44 PM) is attached hereto as **Exhibit B**.

20.     WMATA's acknowledgement stated that WMATA "generally aims to respond to a request for records within 20 business days. . . .  However, requests are processed in the order they are received."  *See* **Exhibit B**.

21.     WMATA's acknowledgement also referred ICCG to WMATA's PARP Policy/Instruction 9.3/1.  *See id.*

22.     P/I 9.3/1 contradicts the acknowledgement email sent to ICCG.  Section 7.10.1 states: "Within twenty (20) working days of receipt of the request, the PARP Administrator ***shall*** determine whether to comply with such request and ***shall*** immediately notify the Requester of the Decision in accordance with section 7.9."  *See* PARP § 7.10.1, at p. 8 (Jan. 17, 2019) (hereinafter "P/I 9.3/1).  A copy of the PARP is attached hereto as **Exhibit C** for the Court's convenience.

23.     Therefore, WMATA was required to respond to ICCG's request within twenty (20) business days, or no later than February 13, 2020.

24.     Counsel for ICCG contacted WMATA on February 26, 2020 to inquire about the status of its PARP request.  A true and correct copy of an Email from Robert S. Turchick, Esq. to

Suraya Sabri, Esq., Associate Counsel of WMATA (Feb. 25, 2020, 10:43 AM) is attached hereto as **Exhibit D**.

25.     The next day, WMATA responded in an email, stating that the request was still being processed and that requests are processed "in the order that they are received."  A true and correct copy of an Email from Suraya Sabri, Esq., Associate Counsel of WMATA, to Robert S. Turchick, Esq. (Feb. 26, 2020, 11:16 AM) is attached hereto as **Exhibit E**.

26.     Once again, WMATA's own PARP policies and procedures require that WMATA respond to PARP requests within twenty (20) days, and WMATA's position to the contrary, *e.g.*, that requests are processed in the order they are received, violates P/I 9.3/1.  *See* PARP § 7.10.1, at p. 8.

27.     To date, ICCG has not received a response to its January 16, 2020 PARP request.[1]

28.     WMATA never invoked nor requested any extension of time or special circumstances that would warrant additional time to respond under its own PARP policies and procedures.[2]

29.     WMATA's failure to provide a decision within twenty (20) business days or otherwise respond to ICCG's PARP request was unreasonable, arbitrary and capricious, and the failure has caused, and will continue to cause, unnecessary, immediate and irreparable harm to ICCG.

---

[1]  Of course, ICCG is aware of and sympathetic to the unprecedented disruption caused by the COVID-19 pandemic for all businesses and organizations, including WMATA.  ICCG is also aware of WMATA's temporary shutdown in light of the same.  However, the twenty (20) days had already expired, and WMATA was legally obligated to respond to ICCG's request prior to the various mandatory business restrictions and stay-at-home orders that have since gone into effect.

[2]  For example, WMATA has not claimed that "unusual circumstances" warranted an extension of time to respond.  *See* PARP § 7.10.1(a).  Even if it had, WMATA would have been entitled to only a ten (10) day extension.

## COUNT I
## Violation of PARP, Declaratory Judgment Act

30.     ICCG repeats and reiterates each and every preceding paragraph as if set forth fully herein.

31.     WMATA is unlawfully withholding records and information relating to Solicitation IFB FQ19281 – 2019 for the Right of Way Cleaning – General Services.

32.     WMATA was required to provide a decision on ICCG's PARP Request within twenty (20) working days from the date of the request, which was January 16, 2020.

33.     To date, ICCG has not received a decision, nor has WMATA invoked any grounds for the delay nor requested an extension of time pursuant to its own policies and procedures.

34.     The records requested by ICCG are necessary for determining WMATA's compliance with competitive bidding laws and its own bid solicitation requirements.

35.     WMATA's unlawful withholding of responsive records is causing immediate and irreparable harm to ICCG because it is preventing ICCG from assessing WMATA's compliance with its own public bidding policies and competitive bidding laws and pursuing a lawful bid protest.

36.     ICCG has been immediately and irreparably harmed by WMATA's refusal to provide a decision, and it will continue to be irreparably harmed unless and until WMATA provides all non-exempt records responsive to ICCG's PARP request.

37.     Thus, ICCG requests, and is entitled to, a declaratory judgment from the Court, stating that WMATA's unlawful withholding of records responsive to ICCG's January 16, 2020 PARP request is a violation of the PARP.

**WHEREFORE**, ICCG respectfully requests that this Honorable Court grant the following relief to ICCG:

a.     A declaration that the records requested by ICCG are subject to the PARP;

b.     A declaration that WMATA's failure to issue a decision or otherwise respond to ICCG's January 16, 2020 PARP request within twenty (20) working days violated the PARP;

c.     An order compelling WMATA to produce any and all documents in its possession, custody, and control that are responsive to ICCG's January 16, 2020 PARP request; and

d.     An award of costs and attorneys' fees pursuant to Section 9.3.4 of PARP; and

e.     Any such other, further, and different relief as this Court deems just and proper.

## COUNT II
### Violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551-559

38.     ICCG repeats and reiterates each and every preceding paragraph as if set forth fully herein.

39.     By the PARP's own terms, ICCG has exhausted its administrative remedies.

40.     WMATA's unlawful withholding of records responsive to ICCG's PARP request constitutes a final agency action for which there is no adequate remedy at law.

41.     WMATA's unlawful withholding of responsive records has continued for more than twenty (20) business days, which has exceeded the time period for responding by the terms of WMATA's own policies and procedures, is arbitrary and capricious and constitutes an abuse of discretion, or is otherwise not in accordance with the PARP.

42.     WMATA's unlawful withholding of responsive records is causing immediate and irreparable harm to ICCG because it is preventing ICCG from assessing WMATA's compliance with its own public bidding policies and competitive bidding laws and pursuing a lawful bid protest.

43.     ICCG has been further harmed by the fact that it was, upon information and belief, the lowest responsible and responsive bidder for Solicitation IFB FQ19281 – 2019 for the Right of Way Cleaning – General Services, yet it was not awarded the subject contract by WMATA for reasons that ICCG believes are incorrect or false.

44.     ICCG will continue to be irreparably harmed unless and until WMATA produces all non-exempt records responsive to ICCG's PARP request.

**WHEREFORE**, ICCG respectfully requests that this Honorable Court grant the following relief to ICCG:

a.     A declaration that the records requested by ICCG are subject to the PARP;

b.     A declaration that WMATA's failure to issue a decision or otherwise respond to ICCG's January 16, 2020 PARP request within twenty (20) working days violated the PARP;

c.     An order compelling WMATA to produce any and all documents in its possession, custody, and control that are responsive to ICCG's January 16, 2020 PARP request; and

d.     An award of costs and attorneys' fees pursuant to Section 9.3.4 of PARP; and

e.     Any such other, further, and different relief as this Court deems just and proper.

<u>Dated</u>: June 2, 2020

Respectfully submitted,

**COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.**

Jackson S. Nichols, Esq.
 (D.C. Bar #975511)
jnichols@cohenseglias.com
900 Seventh Street NW, Suite 725
Washington, D.C. 20001
202-466-4110

Shawn R. Farrell, Esq.
(*pro hac vice* to be filed)
sfarrell@cohenseglias.com
30 S. 17 Street, 19 Floor
Philadelphia, PA 19103
215-564-1700
*Attorneys for Plaintiff, Industrial
Commercial Cleaning Group, Inc.*

9

# EXHIBIT A

## Robert S. Turchick

| | |
|---|---|
| **From:** | Robert S. Turchick <RTurchick@cohenseglias.com> |
| **Sent:** | Thursday, January 16, 2020 2:49 PM |
| **To:** | PARP@wmata.com |
| **Cc:** | Shawn R. Farrell; Jessica Kopania |
| **Subject:** | PARP Request - IFB FQ19291 - 2019 - Solicitation for the Right of Way Cleaning - General Services [CSPGF-ACTIVE.FID561957] |
| **Attachments:** | 2020-01-16 - PARP Request to WMATA(5966891.1).pdf |

To the PARP/Privacy Administrator:

Pursuant to the Washington Metropolitan Area Transit Authority's ("WMATA") public access to records policy, we hereby submit this request for the following records:

- **Complete copies of any and all bids submitted in response to Solicitation IFB FQ19281 – 2019 for the Right of Way Cleaning – General Services.**

With respect to timeframe, Solicitation IFB FQ19281 – 2019 was advertised on July 29, 2019, and WMATA held a public bid opening on August 28, 2019.  Responsive records can be sent to the requester at:

Shawn R. Farrell
sfarrell@cohenseglias.com
Robert S. Turchick
rturchick@cohenseglias.com
Cohen Seglias Pallas Greenhall & Furman, P.C.
30 S. 17th Street, 19th Floor
Philadelphia, PA 19103
(215)-564-1700

Please do not hesitate to contact me with any questions regarding this request.

Regards,

**Robert S. Turchick** ▪ Attorney At Law
**Cohen Seglias Pallas Greenhall & Furman PC**
30 South 17th Street ▪ 19th Floor ▪ Philadelphia, PA 19103
P: 215.564.1700 ▪ F: 215.564.3066

**website | offices | email**



**Confidentiality Note:** This electronic message and any attachments ("message") is intended for use only by the individual or entity to which it is addressed and may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended

recipient of this message, please reply to the sender that you received the message in error and delete all copies of the message from your computer and network. Dissemination, copying, or other use of this message by any person or entity other than the intended recipient is strictly prohibited.

**Circular 230 Disclosure:** To ensure compliance with IRS Circular 230, we inform you that any tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding Federal tax penalties, or (ii) promoting or marketing any transaction or matter discussed herein.

# EXHIBIT B

## Robert S. Turchick

| | |
|---|---|
| **From:** | Sabri, Suraya <SSabri@wmata.com> |
| **Sent:** | Monday, January 27, 2020 2:44 PM |
| **To:** | Shawn R. Farrell |
| **Cc:** | Robert S. Turchick; Noh, Richard D. |
| **Subject:** | PARP Request No. 20-0016; Bids for IFB FQ19281—Right of Way Cleaning |

Dear Mr. Farrell,

The Washington Metropolitan Area Transit Authority (WMATA) acknowledges receipt of your January 16, 2020 Public Access to Records Policy (PARP) request for all bids submitted in response to Solicitation IFB FQ19281—2019 for the Right of Way Cleaning—General Services.

Your request is being processed pursuant to the PARP, which is available online at https://www.wmata.com/about/records/public-records.cfm under the section marked "Legal Affairs."

### General Information Regarding Your Request

Although we are not yet able to provide any responsive records, we can impart the following general information regarding your request:

Time Period for Processing Requests

WMATA generally aims to respond to a request for records within 20 business days following receipt of the request.  However, requests are processed in the order they are received.  Furthermore, additional processing time is required for requests that prove to be complex.

Specifically, please be advised that your records request includes records submitted to WMATA by a third party, which requires us to contact the third party to identify confidential and proprietary information.  WMATA will not release any records until it has made a decision with respect to any such assertions made by the third party.

Exemptions

The PARP provides exemptions for certain types of data, including: (1) information that could compromise WMATA infrastructure or security; (2) information that is solely related to the internal personnel rules and practices; (3) information that is exempt by statute; (4) proprietary commercial or financial information; (5) internal deliberations on policy matters or attorney-client privileged communications; (6) information that, if released, would cause a clearly unwarranted invasion of personal privacy; (7) certain information compiled for law enforcement purposes; (8) registered SmarTrip® information; and (9) customer financial information.  Generally, WMATA's response will not include any exempt information.

Processing Fees

The PARP also provides for the assessment of fees associated with a request that requires more than two hours of staff time to process.  These fees are calculated at the employees' basic rate of pay, plus an additional 50 percent to cover benefits, for the time spent responding to a request. In general, a request is considered an agreement to pay all applicable fees.  Advance payment is required where the fees are likely to exceed $250.

Future correspondence should reference the request number noted in the subject line of this correspondence. If you have any questions, please contact me at ssabri@wmata.com or 202-962-2058.  If I am unavailable, you may contact Richard Noh at RDNoh@wmata.com or 202-962-2569.


Sincerely,



**Suraya Sabri**
*Associate Counsel*
WMATA
600 Fifth Street, NW
Washington, DC  20001
P: 202-962-2058
F: 202-962-2550
E: ssabri@wmata.com


THIS TRANSMISSION IS INTENDED ONLY FOR THE PROPER RECIPIENT(S).  IT IS CONFIDENTIAL AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED INFORMATION OR INFORMATION PREPARED IN ANTICIPATION OF LITIGATION.  IF YOU ARE NOT THE PROPER RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY AND DELETE THIS MESSAGE.  ANY UNAUTHORIZED REVIEW, COPYING, OR USE OF THIS MESSAGE IS PROHIBITED.

# EXHIBIT C

| | |
|---|---|
| **Washington Metropolitan Area Transit Authority** | |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

## 1.0   POLICY

It is the policy of the Washington Metropolitan Area Transit Authority (WMATA) to make official public records, including electronic records, available to the public for inspection and copying to the greatest extent possible unless exempted from disclosure by a provision herein. WMATA will interpret and apply this Policy consistent with the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, and federal practice, including when determining whether to waive exemptions. WMATA's disclosable records will be made available at the earliest feasible time and to the fullest extent permissible. This Policy shall not be construed to hinder the public's access to records that departments and/or independent offices provide to the public in the course of doing business. Therefore, unless specifically prohibited by this Policy or the Privacy Policy and other applicable laws, departments and offices shall continue to make such records available without requiring adherence to the procedures of this Policy where such releases are consistent with the office's or department's established business practices.

## 2.0   PURPOSE

WMATA, in the regular course of its business, receives from outside sources and generates, through its employees, significant quantities of records on a variety of topics. Some of the records, if released, could benefit selectively or could cause personal or economic harm to members of the public, other organizations, WMATA employees, or the interests of WMATA. This Policy/Instruction (P/I) establishes policy and procedures on making records available to the public by WMATA's officers, employees, and agents.

## 3.0   SCOPE

All records received or generated by WMATA, its officers, employees and agents in and through the regular course of WMATA's business, and in WMATA's control at the time of the response are covered by this P/I unless such records are published and are offered for sale by WMATA. Records shall be handled, safeguarded or released in accordance with this P/I in order to: (1) assure fair and equitable treatment of the public and of the officers, employees and agents of WMATA; (2) protect against detriment to WMATA's interests or those of its officers, employees and agents, or those of the public; and (3) prevent a clearly unwarranted invasion of personal privacy. Accordingly, records in the possession of WMATA, its officers, employees and agents and received or generated in the regular course of WMATA's business shall be released unless an exemption from release is identified herein in which case, to the extent possible, the exempt information shall be redacted and the redacted record(s) will be released.

## 4.0   DEFINITIONS

4.1   **Critical Infrastructure Information** or **CII -** is defined in 6 Code of Federal Regulations § 29.2 and is information not customarily in the public domain which relates to the security of critical infrastructure or protected systems that WMATA or a third party has voluntarily submitted to the Department of Homeland Security in accordance with 6 C.F.R. § 29.5.

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | 1 of 17 |

| | |
|---|---|
| **POLICY/INSTRUCTION: 9.3/1** | ***Public Access to Records Policy*** |
| **SUPERSEDES: P/I 9.3/0** | **APPLICABLE TO: All Metro Employees** |

(a)   CII - is WMATA's systems and assets, physical or computer-based, that are vital to national or regional defense and/or national or regional security. For the purposes of this Policy, examples of critical infrastructures include the Metrorail stations, rolling stock, and Operations Control Center computers/equipment that support the operation of the Metrorail/Metrobus systems. This definition is derived in part from the definition of critical infrastructure in the USA PATRIOT Act (see Pub. L. 107-56, section 1016; 42 U.S.C. § 5195c(e)) but was modified to apply to substantial disruptions of WMATA's critical infrastructure that are regional, rather than national, in scope.

4.2    **Decision** - is a writing by the Authority that either grants in whole, grants in part, or denies a request for records under this P/I.

4.3    **Direct Costs** - are expenses that are actually incurred in searching for and duplicating records to respond to a request for WMATA records. Overhead expenses such as the costs of space and heating or lighting the facility and housing the records are not included as Direct Costs.

4.4    **Official Custodian** - is an employee who has been designated by a "Responsible Official" to process requests for records in accordance with this P/I. For purposes of this P/I, the Responsible Official shall be considered an Official Custodian unless s/he has designated a subordinate as the Official Custodian and so notified the Public Access to Records Policy (PARP) Administrator.

4.5    **PARP Administrator** - is the WMATA employee who is responsible for administering this Policy.

4.6    **Privacy Policy** - is the WMATA Privacy Policy (P/I 9.2) that protects the privacy of individuals who are subjects of records maintained by WMATA in systems of records.

4.7    **Records** means:

(a)   any existing writing, drawing, map, recording, tape, film, microfilm, correspondence, form, card, photograph, optical disk, photostatic copy, and records stored by computer (electronic records) that are made or received by WMATA in connection with the transaction of public business. A record does not include uncirculated personal notes, papers, electronic records and any other records, that were created and retained solely as work papers for personal use; and

(b)   records include only existing records, not a compilation(s) of existing records or the results of any additional work done to develop or create information in response to a request. However, where electronic files or databases can be readily searched and where specified data can be readily formatted, without imposing a significant operational and/or financial burden on WMATA, such resulting electronic records shall constitute "records" for purposes of this Policy.

4.8    **Requester** - means any person or entity (including corporations, federal, state, local or foreign governments) who requests WMATA Records under this P/I.

| **APPROVED BY** | **DATE APPROVED** | **CLASS** | **LEAD** | **DATE OF LAST REVIEW** | **PAGE** |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **2 of 17** |

| | |
|---|---|
| **POLICY/INSTRUCTION: 9.3/1** | *Public Access to Records Policy* |
| **SUPERSEDES: P/I 9.3/0** | **APPLICABLE TO: All Metro Employees** |

4.9    **Responsible Official** - is an Officer, Deputy General Manager, Assistant General Manager, Chief Operating Officer, or Director of an Independent Office who shall be responsible for the implementation of this P/I for his/her department/office, including appointing an Official Custodian.

4.10    **Sensitive Security Information** - is information defined in 49 C.F.R. § 1520.5, including, but not limited to, vulnerability assessments, security programs and contingency plans, that is generated by WMATA or a covered person under 49 C.F.R. § 1520.7, that has been, or will be, submitted to the Transportation Security Administration or the Secretary of Transportation.

4.11    **SmarTrip® Information** - is information submitted by customers for issuance of SmarTrip® cards or generated by use of SmarTrip® cards.

## 5.0   RESPONSIBILITIES

5.1    The Department of Information Technology shall be responsible for posting a current copy of this Policy, PARP Quarterly Reports, WMATA's frequently-requested Records and Records that WMATA determines are of public interest and likely to be frequently requested, with exempt information redacted, on WMATA's internet website.

5.2    The PARP Administrator is an employee in the Office of General Counsel who is responsible for all written and oral communications with the Requester as provided herein, and for preparing PARP Quarterly Reports for the General Manager/Chief Executive Officer (GM/CEO).

5.3    Responsible Officials in each department or independent office shall develop, maintain, and update, as necessary, the department/office Records Retention Schedule in compliance with section 4.03 of WMATA's Records Management Policy (P/I 6.1) and shall designate and supervise Official Custodians of Records for their respective departments or offices ("Official Custodian"). Responsible Officials shall notify the PARP Administrator of the name, telephone number, facsimile number, and e-mail address of the current Official Custodian for their respective departments or offices and update this information as necessary.

5.4    The Official Custodians are responsible for (1) assuring that Records are maintained/preserved in accordance with the department/office's Records Retention Schedule and WMATA's Records Management Policy; (2) searching for and/or retrieving Records in their respective departments or independent offices; (3) forwarding any retrieved Records to the PARP Administrator; (4) providing a recommendation regarding redactions or withholding of Records; (5) verifying that the Records released and recommendations are accurate and complete; (6) recording all Direct Costs associated with responding to each request; and (7) providing the Office's/Department's frequently-requested Records and Records that the department or office determines are of public interest and will be frequently requested, with exempt information redacted, to the Office of Marketing for placement on WMATA's internet website:

| **APPROVED BY** | **DATE APPROVED** | **CLASS** | **LEAD** | **DATE OF LAST REVIEW** | **PAGE** |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **3 of 17** |

| ![M metro logo] Washington Metropolitan Area Transit Authority | |
| --- | --- |
| **POLICY/INSTRUCTION: 9.3/1** | *Public Access to Records Policy* |
| **SUPERSEDES: P/I 9.3/0** | **APPLICABLE TO: All Metro Employees** |

(a) <u>Qualifications of Official Custodian.</u> An Official Custodian must: (ii) be a regular, full-time employee; (ii) have been employed within the department or office for a minimum of two (2) years; and (iii) have an education level of at least a Bachelor's Degree.

(b) <u>Evaluation Requirements for Official Custodian</u>. Newly assigned custodians must receive at least five (5) hours of training regarding this Policy and the Privacy Policy within the first month of the assignment and must become thoroughly familiar with this Policy and WMATA's information/record protection policies. The custodian's annual performance evaluation will include the employee's performance as the "Official Custodian" for the PARP.

5.5   The Assistant General Manager of the Department of System Safety and Environmental Management and the Police Chief of Metro Transit Police Department shall be responsible for identifying information/Records that have been designated CII or SSI or that may otherwise qualify for Exemption 6.1.1 of this Policy.

5.6   The PARP Administrator shall (1) assign requests to a department or office for response/necessary action ("assigned department or office") and/or coordination with other department(s) and/or office(s) ("coordinating department or office"); (2) assign a request number for future reference; (3) be responsible for coordinating and gathering the requested Records from the Official Custodians in the assigned departments and/or offices, and shall be responsible for making the Decision on redacting, withholding or providing Records in response to requests; (4) determine, based on requests received, the most frequently requested Records; and (5) shall direct the Official Custodian of the Records to provide the Office of Marketing with redacted copies of frequently-requested Records for placement on WMATA's internet website.

## 6.0   EXEMPTIONS FROM DISCLOSURE AND EXCLUSIONS FROM PARP

6.1   This P/I exempts from disclosure information/Records to the extent that they are:

6.1.1   CII and/or SSI and/or Records that if released, would compromise the security of the Metrorail and bus systems' infrastructure and/or rolling stock, computer systems or equipment that support the operation of the Metrorail/Metrobus systems, and/or the physical safety of its customers and/or employees;

6.1.2   solely related to the internal personnel rules and practices of WMATA;

6.1.3   specifically exempted from disclosure by statute (other than the Open Records statutes of WMATA's signatories) provided that such statute (a) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (b) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

6.1.4   trade secrets and commercial or financial information obtained from a person and is privileged or confidential;

| **APPROVED BY** | **DATE APPROVED** | **CLASS** | **LEAD** | **DATE OF LAST REVIEW** | **PAGE** |
| --- | --- | --- | --- | --- | --- |
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **4 of 17** |

| | |
|---|---|
| ![M metro logo] Washington Metropolitan Area Transit Authority | |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

6.1.5    intra-agency and inter-agency (WMATA Compact signatories and political subdivisions and representatives) memoranda or letters which would not be made available by law to a party in litigation with WMATA;

6.1.6    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and

6.1.7    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement Records or information (a) could reasonably be expected to interfere with enforcement proceedings; (b) would deprive a person of a right to a fair trial or an impartial adjudication; (c) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (d) could reasonably be expected to disclose the identity of a confidential source, including state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis; (e) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law; or (f) could reasonably be expected to endanger the life or physical safety of any individual.

6.1.8    All SmarTrip® information that is identifiable personal information, unless the request is made:

(a)    pursuant to a Court order;

(b)    by a law enforcement official that meets the requirements of section 6.1(d) of WMATA's Privacy Policy; or

(c)    by the registered user of the SmarTrip® card upon proof of identity for release only to that user.

     (i)    For purposes of this subsection, registered user is the individual or entity who/that has registered the SmarTrip® card with WMATA.

     (ii)    SmarTrip® information will not be released to a third party even with the written consent of the registered user except.

6.1.9    All financial information, including transactional information, regarding individuals who are WMATA customers unless the request is made:

(a)    pursuant to a Court order;

(b)    by a law enforcement official that meets the requirements of section 6.1(d) of WMATA's Privacy Policy; or

(c)    by the individual customer upon proof of identity for release only to the individual customer.

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **5 of 17** |

| Washington Metropolitan Area Transit Authority | |
|---|---|
| **POLICY/INSTRUCTION:** 9.3/1 | *Public Access to Records Policy* |
| **SUPERSEDES: P/I 9.3/0** | **APPLICABLE TO: All Metro Employees** |

(i)    Financial information regarding individual customers will not be released to a third party even with the written consent of the customer except as provided in (a) and (b) of this subsection.

(d)    As used in this section "financial information" does not include information for which all personal identifiers have been removed and that cannot be used alone or in combination with other information to identify the subject(s) of that information.

6.2    Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this section. The amount of information deleted shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this section under which the deletion is made. If technically feasible, the amount of the information deleted and the reason for the deletion shall be indicated at the place in the record where such deletion is made.

6.3    <u>Exclusions from PARP</u>. Law Enforcement Records the Release of Which Could Interfere with Enforcement Proceedings:

6.3.1    Whenever a request is made which involves access to Records described in subsection 6.1.7(a) and:

(a)    the investigation or proceeding involves a possible violation of criminal law; and

(b)    there is reason to believe that (i) the subject of the investigation or proceeding is not aware of its pendency; and (ii) disclosure of the existence of the Records could reasonably be expected to interfere with enforcement proceedings.

WMATA may, during only such time as that circumstance continues, treat the Records as not subject to the requirements of this Policy.

6.3.2    Whenever informant Records maintained by WMATA's law enforcement department under an informant's name or personal identifier are requested by a third party according to the informant's name or personal identifier, WMATA shall treat the Records as exempt from the requirements of this Policy unless the informant's status as an informant has been officially confirmed.

6.4    Requests for employee Records shall be released consistent with WMATA's Personnel Policy and Procedures Manual, other applicable WMATA policies and rules, including WMATA's Privacy Policy and applicable federal laws and regulations.

## 7.0   PROCEDURES

7.1    Requests for Records shall be in writing and sent by mail to the Office of General Counsel, Washington Metropolitan Area Transit Authority, 600 Fifth Street, NW, Washington, D.C. 20001, or by electronic mail, or by facsimile to the attention of the PARP Administrator.

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | 6 of 17 |

| | |
|---|---|
| Washington Metropolitan Area Transit Authority | |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

7.2     If a request for Records is sent directly from the Requester to a department or independent office, that department or office shall immediately forward the request to the PARP Administrator.

7.3     The date of receipt of a request shall be the date it is received by the PARP Administrator.

7.4     A request for Records shall be considered an agreement by the Requester to pay all applicable fees charged under section 8 of this P/I, unless the Requester seeks a waiver of all or part of the fees in writing, and such request is granted in writing by the PARP Administrator. A Requester may specify in writing that he wishes to be notified in advance if the fees are expected to exceed $50 or some larger sum.

7.5     The Requester should describe the Records that are being requested in sufficient detail to enable WMATA to locate them with a reasonable amount of effort. Specific information about each record that is being requested should include such information as the date, title or name, author, recipient, and subject matter of the record. If the PARP Administrator determines that the request does not reasonably describe WMATA Records, the PARP Administrator shall contact the Requester to advise that the request is insufficient and to identify what additional description is needed.

7.6     When a Requester makes a request for Records, not exempted under section 6 of this P/I, containing personal or confidential information about the Requester, the Requester must verify his/her identity, state the Requester's full name, current address, and date and place of birth. The Requester must sign the request and the signature must be notarized.

7.7     If a request is made for Records about another individual and release of such Records would be an unwarranted invasion of the individual's privacy, the request must be accompanied by a written release permitting disclosure of the Records to the Requester with the notarized signature of the individual or proof that the Requester has the legal authority to act on the individual's behalf (e.g., a copy of a power of attorney). In the event that the individual is deceased, the request must be accompanied by proof that the individual is deceased (e.g., copy of death certificate or newspaper obituary) and proof that the Requester has the legal authority to act on behalf of the deceased person's estate or that the Requester is the designated beneficiary relating to the Records requested or has the authority to act on the designated beneficiary's behalf.

7.8     If the Requester is a guardian of an individual determined by a Court to be incompetent, the Requester must establish: (1) the identity of the individual who is the subject of the requested record by stating the name, current address, date and place of birth of the individual; (2) the Requester's identity, by stating his/her name, current address, date and place of birth as required by section 7.6 of this P/I; (3) proof that the Requester is the guardian by providing a copy of a Court order establishing guardianship; and (4) a statement that the Requester is acting on behalf of the individual in making the request.

7.9     <u>Processing Requests</u>. The PARP Administrator shall issue a Decision, in accordance with the time limits of section 7.10 of this P/I, notifying the Requester whether the request was granted in whole, granted in part, or denied.

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | 7 of 17 |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

7.9.1  If the request is granted in whole or in part, the Decision shall include:

    (a)    the Direct Costs to provide records that respond to the request; and

    (b)(i)    in accordance with section 8.9 of this P/I, to the extent feasible, copies of the records shall also be included unless more than $250 dollars is owed by the Requester; or the records are voluminous or unwieldy or difficult to retrieve; or notice regarding business Records is required pursuant to section 7.11.5 of this P/I; or

    (b)(ii)    if record production is not feasible, the name of and telephone number of the person that the Requester is to contact to arrange for an inspection of the Records that shall be disclosed.

7.9.2  If the request is denied in whole, or in part, the PARP Administrator shall make a reasonable effort to estimate the volume of any requested matter being denied, and shall provide such estimate to the Requester, unless providing such estimate would harm an interest protected by the exemptions in section 6 pursuant to which the denial is made. Where denial is in part, the Records shall be marked or annotated to show both the amount and the location of the Records deleted wherever practicable.

The PARP Administrator's Decision shall include the following:

    (a)    the reasons for the denial, citing the exemption(s) and explaining why it applies unless such explanation is otherwise prohibited;

    (b)    the name and title or position of each person responsible for denial; and

    (c)    the right to an internal administrative appeal under section 9.1 of this P/I and subsequent right to judicial review under section 9.2 and 9.3 of this P/I.

7.10    <u>Time Period for Processing Requests.</u>

7.10.1  <u>Regular Processing of Requests.</u> Within twenty (20) working days of receipt of the request, the PARP Administrator shall determine whether to comply with such request and shall immediately notify the Requester of the Decision in accordance with section 7.9.

    (a)    In unusual circumstances, the time limits prescribed above may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten (10) working days, except as provided in clause (b) of this subsection.

    (b)    If the request cannot be processed within thirty (30) working days, as allowed in clause (a), WMATA shall provide the Requester the opportunity to limit the scope

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | 8 of 17 |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

of the request so that it may be processed within the thirty (30) day time limit or an opportunity to arrange with WMATA an alternative time frame for processing the request or a modified request. Refusal by the Requester to reasonably modify the request or arrange such an alternative time frame shall be considered a factor in determining whether exceptional circumstances exist for purposes of subsection 9.3.5 of this Policy.

(c)   As used in this section, "unusual circumstances" means, but only to the extent reasonably necessary to the proper processing of the particular request:

(i)   the need to search for and collect the requested Records from field facilities or other establishments that are separate from the office processing the request;

(ii)   the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct Records which are demanded in a single request; or

(iii)   the need for consultation, which shall be conducted at all practicable speed, with another entity having a substantial interest in the determination of the request or among two or more components of WMATA having substantial subject-matter interest therein.

7.10.2   Expedited Processing of Requests.

(a)   A Requester may apply for expedited processing at the time of the initial request for Records. Within ten (10) calendar days of its receipt of a request for expedited processing, WMATA shall decide whether to grant it, and shall notify the Requester of the Decision. Once the determination has been made to grant expedited processing, WMATA shall process the request as soon as practicable.

(b)   A request will be taken out of order and given expedited treatment whenever the PARP Administrator determines that the Requester has established either of the following criteria:

(i)   circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

(ii)   an urgency to inform the public about an actual or alleged WMATA government activity, if made by an individual primarily engaged in disseminating information.

Representatives of the news media would normally qualify as individuals primarily engaged in disseminating information; however, other Requesters must demonstrate that their primary activity involves publishing or otherwise disseminating information to the public as a whole, and not just a particular

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D** <br> By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **9 of 17** |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

segment or group. "Urgency" contemplates that the information has a particular value that will be lost if not disseminated quickly. Ordinarily this means a breaking news story of general public interest. Information of historical interest only or information sought for litigation or commercial activities would not meet the test of urgency, nor would a news media publication or broadcast deadline unrelated to the news-breaking nature of the information.

(c)     A Requester who seeks expedited processing must provide a written statement, explaining in detail the basis for requesting expedited processing. WMATA is not obligated to consider a request for expedited processing unless it is accompanied by a signed statement that the "forgoing is true and correct to the best of" the Requester's knowledge.

(d)     No Court shall have jurisdiction to review WMATA's denial of expedited processing of a request for Records after WMATA has provided a complete response to the request.

7.11     Handling of Requests for Records Potentially Exempt Under Section 6.1.4.

7.11.1 In General. Business information obtained by WMATA from a Submitter will be disclosed only pursuant to this section.

7.11.2   Definitions. For the purposes of this section:

(a)     "Business Information" means information that may be protected from disclosure under subsection 6.1.4 of this Policy; and

(b)     "Submitter" means any person or entity from whom WMATA obtains business information, directly or indirectly.

7.11.3   Designation of Business Information. A Submitter of business information will use good-faith efforts to designate, by appropriate markings, either at the time of submission or at a reasonable time thereafter, any portions of its submission that it considers to be protected from disclosure under section 6.1.4 of this Policy. These designations will expire ten (10) years after the date of submission unless the Submitter requests, and provides justification for a longer designation period. Nothing in this provision shall override the requirements of the WMATA Procurement Procedures Manual where it applies.

7.11.4   Notice to Submitters. The PARP Administrator shall provide a Submitter with prompt written notice of a PARP request that seeks its business information as required by subsection 7.11.5 of this section, except as provided in section 7.11.8 of this section, in order to give the Submitter an opportunity to object to disclosure of any specified portion of that information under section 7.11.6 of this section. The notice shall either describe the business information requested or include copies of the requested record or record portions pertaining to the information. When notification of a voluminous

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| A P P R O V E D<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | 10 of 17 |

| M metro | Washington Metropolitan Area Transit Authority |
| --- | --- |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
| --- | --- |
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

number of Submitters is required, notification may be made by posting or publishing the notice in a place reasonably likely to accomplish it.

7.11.5  <u>Where Notice is Required.</u> Notice shall be given to a Submitter wherever:

    (a)    the information has been designated in good faith by the Submitter as information considered to be protected from disclosure under subsection 6.1.4; or

    (b)    WMATA has reason to believe that the information may be protected from disclosure under subsection 6.1.4.

7.11.6  Opportunity <u>to Object to Disclosure</u>. The PARP Administrator will allow a Submitter ten (10) working days to respond to the notice described in subsection 7.11.4 of this Policy and will specify that time period within the notice. If a Submitter has any objection to disclosure, it is required to submit a detailed written statement. The statement must specify all grounds for withholding any portion of the information under any exemption of section 6.1 and, in the case of subsection 6.1.4, it must explain why the information is a trade secret or commercial or financial information that is privileged or confidential. In the event that a Submitter fails to respond to the notice within the time specified in it, the Submitter will be deemed to have waived any objection to disclosure of the information. Information provided by the Submitter that is not received until after WMATA's disclosure Decision has been made shall not be considered by the PARP Administrator. Information provided by a Submitter under this section may itself be subject to disclosure under this Policy.

7.11.7  <u>Notice of Intent to Disclose.</u> The PARP Administrator shall consider a Submitter's objections and specific grounds for nondisclosure in deciding whether to disclose business information. Whenever the PARP Administrator decides to disclose business information over the objection of the Submitter, the PARP Administrator shall give the Submitter written notice, return receipt requested, which shall include:

    (a)    a statement of the reason(s) why each of the Submitter's disclosure objections was not sustained;

    (b)    a description of the business information to be disclosed; and

    (c)    a specified disclosure date, which shall be no earlier than ten (10) working days after the Submitter receives the written notice under this subsection.

7.11.8  <u>Exceptions to Notice Requirements.</u> The notice requirements of subsections 7.11.4 and 7.11.7 of this section shall not apply if:

    (a)    the PARP Administrator determines that the information should not be disclosed;

    (b)    the information lawfully has been published or has been officially made available to the public;

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
| --- | --- | --- | --- | --- | --- |
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **11 of 17** |

| M metro | Washington Metropolitan Area Transit Authority |
|---|---|

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

(c)   disclosure of the information is required by statute; or

(d)   the designation made by the Submitter under subsection 7.11.3 appears obviously frivolous except that, in such a case, the PARP Administrator shall, within ten (10) working days prior to a specified disclosure date, give the Submitter written notice of any final Decision to disclose the information.

7.11.9   Notice of PARP Lawsuit. Whenever a Requester files a lawsuit seeking to compel the disclosure of business information, the PARP Administrator shall promptly notify the Submitter.

7.11.10 Corresponding Notice to Requesters. Whenever the PARP Administrator provides a Submitter with notice and an opportunity to object to disclosure under subsection 7.11.7 of this section, the PARP Administrator shall also notify the Requester(s). Whenever a Submitter files a lawsuit seeking to prevent the disclosure of business information, the PARP Administrator shall notify the Requester(s).

7.12   In responding to a request for records, WMATA shall make reasonable efforts to search for the records in electronic form or format, except when such efforts would significantly interfere with the operation of WMATA's automated information systems. For purposes of this paragraph, the term "search" means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request.

7.13   In making any record available, WMATA shall provide the Records in any form or format requested if the record is readily reproducible in that form or format. WMATA shall make reasonable efforts to maintain its records in forms or formats that are reproducible.

## 8.0   COSTS, REMEDIES, AND DISCIPLINE

8.1   Fees are charged for record search, review, and duplication (and any necessary redaction) when records are sought for commercial use. Review costs shall include only the Direct Costs incurred during the initial examination of a record for the purposes of determining whether the record must be disclosed and for the purposes of withholding any portions exempt from disclosure. Review costs will not include any costs incurred in resolving issues of law or policy that may be raised in the course of processing a request.

8.2   Fees shall be limited to the charges for copying when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution; whose purpose is scholarly or scientific research; or a representative of the news media.

8.3   For any request not described in section 8.1 and 8.2, fees shall be limited to the cost of record search and duplication.

8.4   WMATA will furnish without charge or at a charge reduced below the fees established in sections 8.1 - 8.3, if WMATA determines that the disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations of WMATA and is not primarily in the commercial interest of the Requester.

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| A P P R O V E D  By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **12 of 17** |

**M** metro  Washington Metropolitan Area Transit Authority

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

8.5     Fees will not be charged for staff time of less than two (2) hours or for minor duplication (duplication of one hundred (100) pages or less) or when the costs of routine collection and processing of the fee are likely to equal or exceed the amount of the fee.

8.6     Requests for waiver or reduction fees shall be in writing. The PARP Administrator shall determine whether fees shall be reduced or waived in accordance with sections 8.1 through 8.5 and shall provide the Requester a written response to a waiver request prior to incurring costs to respond to the request. If only some of the requested records satisfy the requirements for a waiver or reduction of fees, a waiver or reduction may be granted for those qualifying records. If a request for waiver is denied, the Requester must confirm an agreement to pay fees before WMATA will incur costs to respond to the request.

8.7     For a black and white duplication produced by photocopy machine of a record (only one (1) copy shall be supplied) or by scanning a record, the fee shall be fifteen (15) cents per page. For copies produced by computer, such as tapes, floppy disc, or printouts, direct costs, including operator time of producing the copy, shall be assessed by the Office of Information Technology and Services (ITSV). Direct Costs of the duplication shall be assessed for other forms of duplication.

8.8     Direct Costs also include (1) the search time to locate a record, (2) the examination of a record to determine whether any portion of it is exempt from disclosure, (3) the processing of any record for disclosure, e.g., redacting the record, and (4) the time spent considering any formal objection to disclosure. Requesters will only be charged once for a review to determine whether an exemption applies to a particular record. Subsequent reviews of the same record will not result in additional fees. Fees associated with staff time shall be at regular hourly rates, plus an additional 50 percent (which percent is subject to adjustment by the Office of Financial Management) to cover benefits. At its discretion, WMATA may provide special services such as certifying that records are true copies or sending them by other than ordinary mail. The Direct Costs of providing such services shall be charged to the Requester.

8.9     Fees shall not be paid in advance of receipt or inspection of the Records unless the Requester has previously failed to pay fees in a timely fashion or the Authority has estimated that the fees will exceed $250.00. Fees in excess of $250 are due within thirty (30) working days of the Authority's written Decision, after which the request shall be deemed withdrawn. Fees of $250 or less are due within ten (10) working days of the Requester's receipt of records. If a requester fails to pay a fee after receiving requested records, the requester shall be required to pay a deposit of $250 or the amount that is due from the requester, whichever is greater, before the Authority is required to respond to any further request. Payments and deposits shall be made by certified check or money order made payable to the Washington Metropolitan Area Transit Authority. The certified check or money order shall be sent to the PARP Administrator.

8.10    If WMATA reasonably believes that a Requester or a group of Requesters acting together is attempting to divide a request into a series of requests for the purpose of avoiding fees, WMATA may aggregate those requests and charge the total aggregated fees. Multiple requests involving unrelated matters shall not be aggregated.

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D**  By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **13 of 17** |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

## 9.0   ADMINISTRATIVE APPEALS, EXHAUSTION, AND JUDICIAL REVIEW

9.1   Administrative Appeals.

9.1.1 A Requester may seek an administrative review of a denial of a request for records or denial of fee waiver by filing a written appeal of the denial with the Chief, External Relations within thirty (30) working days of the date of the denial letter.

9.1.2 The date of receipt of an appeal shall be the date it is received by the Chief, External Relations.

9.1.3 An Appeal Panel consisting of the Chief, External Relations, or his/her designee, the General Counsel, or his/her designee, and the Assistant General Manager for the Official Custodian or his/her designee shall be responsible for reviewing appeals. The Appeal Panel shall inform the Requester of its determination concerning the appeal within thirty (30) working days.

9.1.4 If the Appeal Panel grants the appeal, the Chief, External Relations, or his/her designee, shall inform the Requester of the applicable conditions surrounding granting the request (e.g., payment of fees) and the approximate date upon which compliance will be effected. If the Appeal Panel grants only a portion of the appeal, it shall treat the portion not granted as a denial.

9.1.5 If the Appeal Panel denies the appeal, either in part or in whole, the Chief, External Relations, or his/her designee, shall inform the Requester of that Decision and of the following:

(a)   the reasons for the denial;

(b)   the name and title or position of each person responsible for denial of the appeal; and

(c)   the right to judicial review.

9.1.6 Any attorney assigned to the appeals process shall not have had any involvement with the initial denial of the request.

9.2   Exhaustion of Administrative Remedies.

9.2.1 A Requester must exhaust the administrative appeal process, before seeking judicial review of a denial of request for records or a fee waiver.

9.2.2 A Requester has exhausted his administrative remedies if his request for records or for a fee waiver has been denied and if that denial has been upheld on administrative appeal.

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D** By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **14 of 17** |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

9.2.3 A Requester shall be deemed to have exhausted his administrative remedies if WMATA fails to issue a Decision on a request within twenty (20) working days or within the time authorized by any extension pursuant to 7.10.1, or if WMATA fails to issue a Decision on an administrative appeal within thirty (30) working days.

9.3  Judicial Review:

9.3.1 The Requester may bring a civil action only for injunctive relief or a declaratory judgment. Nothing in this Policy shall be construed to authorize any civil action for damages.

9.3.2 In accordance with section 81 of the WMATA Compact, an action to enforce this P/I may be brought in any state or federal Court of the United States located in the District of Columbia, Maryland, or Virginia without regard to the amount in controversy. Such action shall be filed within two (2) years of the date of exhaustion under section 9.2, except that where WMATA has materially and willfully misrepresented any information required under this Policy to be disclosed to an individual and the information so misrepresented is material to WMATA's disclosure obligation under this Policy, the action may be brought at any time within two (2) years after discovery by the individual of the misrepresentation.

9.3.3 The Court may enjoin WMATA from withholding and order the production of any improperly withheld record. In such a case, the Court shall determine the matter de novo, and may examine the contents of WMATA in camera to determine whether such or any part thereof shall be withheld under any of the exemptions or exclusions set forth in section 6, and the burden is on WMATA to sustain its action. In addition to any other matters to which a Court accords substantial weight, the Court shall accord substantial weight to an affidavit of WMATA concerning WMATA's determination as to technical feasibility under section 7.12 and reproducibility under section 7.13 of this P/I.

9.3.4 The Court may assess against WMATA reasonable attorney fees and other litigation costs reasonably incurred in any case under section 9.3 of this Policy in which the complainant substantially prevailed. Fees shall not be assessed in "Reverse FOIA" cases filed by Submitters. See 7.11.10.

9.3.5 If suit is filed, and if WMATA can show that exceptional circumstances exist and that it is exercising due diligence in responding to the request, the Court may retain jurisdiction and allow WMATA additional time to complete its review of the Records.

(a) For purposes of this subparagraph, the term "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless WMATA demonstrates reasonable progress in reducing its backlog of pending requests.

(b) Refusal by a person to reasonably modify the scope of a request or arrange an alternative time frame for processing a request (or a modified request) under

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **15 of 17** |

<table>
<tr><td colspan="2">Washington Metropolitan Area Transit Authority</td></tr>
</table>

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| SUPERSEDES: P/I 9.3/0 | APPLICABLE TO: All Metro Employees |

clause 7.10.1(b) after being given an opportunity to do so by WMATA, shall be considered a factor in determining whether exceptional circumstances exist for the purposes of this subsection.

9.3.6 Whenever the Court orders the production of any WMATA record improperly withheld from the complainant and assesses against WMATA reasonable attorney fees and other litigation costs, and the Court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether WMATA personnel acted arbitrarily or capriciously with respect to the withholding, the Office of Auditor General shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Auditor General, after investigation and consideration of the evidence submitted, shall submit the findings and recommendation to the Deputy General Manager or equivalent of the Office or Department concerned and shall send copies of the findings and recommendations to the officer or employee or his/her representative. The Deputy General Manager or equivalent of the Department concerned shall take the corrective action that the Auditor General recommends or implement an alternative correction action with the approval of the Auditor General.

Where attorneys' fees are awarded against WMATA and the award was due to WMATA's delay or failure to respond to a request, the office/department(s) that is/are determined to be at fault, based on the investigation conducted by the Auditor General, shall bear the cost of the attorneys' fees award in addition to whatever sanction the Auditor General determines is appropriate.

9.3.7 In the event of noncompliance with the order of the Court, the District Court may punish for civil contempt the responsible employee.

9.3.8 Nothing in this Policy shall be construed to authorize a civil action by reason of any injury sustained as the result of the withholding of a record prior to the approval of this Policy by the Board of Directors of WMATA.

## 10.0   DISCIPLINE

Each officer, employee, and agent of WMATA is responsible for ensuring that he/she does not release records that are not releasable and for cooperating with the PARP Administrator and/or Official Custodian by taking all steps necessary to release records releasable under this P/I in a timely manner. Any WMATA officer, employee, or agent who releases other than in accordance with this P/I and/or who unduly delays or refuses to cooperate with necessary record release shall be subject to discipline up to and including dismissal from WMATA.

## 11.0   REPORTING REQUIREMENTS

11.1   At the end of each quarter, the PARP Administrator shall submit to the GM/CEO, a report that shall cover the preceding quarter and include:

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| A P P R O V E D<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | 16 of 17 |

| POLICY/INSTRUCTION: 9.3/1 | *Public Access to Records Policy* |
|---|---|
| **SUPERSEDES: P/I 9.3/0** | **APPLICABLE TO: All Metro Employees** |

Washington Metropolitan Area Transit Authority

(a)     the number of determinations made by WMATA to deny requests for records made to WMATA pursuant to the PARP and the reasons for such denial;

(b)     the number of requests for records pending before WMATA as of the end of the preceding quarter, and the number of days that such requests had been pending before WMATA as of that date;

(c)     the number of requests for records received by WMATA and the number of requests which WMATA processed;

(d)     the median number of days taken by WMATA to process different types of requests; and

(e)     the total amount of fees collected by WMATA for processing requests.

11.2     WMATA shall make each such report available to the public including by computer telecommunications, or if computer telecommunications means have not been established by WMATA, by other electronic means.

11.3     The GM/CEO shall inform the Board of Directors that such reports are available by electronic means.

## 12.0   APPLICABILITY

This Policy shall apply to requests for records received after this Policy is adopted by the Board of Directors. Requests for records received before the date of adoption of this amended Policy shall be governed by the Public Access to Records Policy adopted by the GM/CEO on April 17, 2000.

| APPROVED BY | DATE APPROVED | CLASS | LEAD | DATE OF LAST REVIEW | PAGE |
|---|---|---|---|---|---|
| **A P P R O V E D**<br>By General Manager & Chief Executive Officer Paul J. Wiedefeld | 01/17/2019 | COUN | COUN | 1/10/2019 | **17 of 17** |

# EXHIBIT D

## Robert S. Turchick

| | |
|---|---|
| **From:** | Robert S. Turchick <RTurchick@cohenseglias.com> |
| **Sent:** | Tuesday, February 25, 2020 10:44 AM |
| **To:** | Sabri, Suraya; RDNoh@wmata.com |
| **Cc:** | Shawn R. Farrell; Jessica Kopania; Michelle M. Marano |
| **Subject:** | RE: PARP Request No. 20-0016; Bids for IFB FQ19281—Right of Way Cleaning [CSPGF-ACTIVE.FID561957] |

Suraya,

Please see below.  We anticipated WMATA's response to our PARP request yesterday.  Please advise when we can expect that response.

Regards,

**Robert S. Turchick** ▪ Attorney At Law
**Cohen Seglias Pallas Greenhall & Furman PC**
30 South 17th Street ▪ 19th Floor ▪ Philadelphia, PA 19103
P: 215.564.1700 ▪ F: 215.564.3066

**website | offices | email**



 **Construction Law Signal**

**Confidentiality Note:** This electronic message and any attachments ("message") is intended for use only by the individual or entity to which it is addressed and may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient of this message, please reply to the sender that you received the message in error and delete all copies of the message from your computer and network. Dissemination, copying, or other use of this message by any person or entity other than the intended recipient is strictly prohibited.

**Circular 230 Disclosure:** To ensure compliance with IRS Circular 230, we inform you that any tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding Federal tax penalties, or (ii) promoting or marketing any transaction or matter discussed herein.

**From:** Sabri, Suraya <SSabri@wmata.com>
**Sent:** Monday, January 27, 2020 2:44 PM
**To:** Shawn R. Farrell <sfarrell@cohenseglias.com>
**Cc:** Robert S. Turchick <RTurchick@cohenseglias.com>; Noh, Richard D. <RDNoh@wmata.com>
**Subject:** PARP Request No. 20-0016; Bids for IFB FQ19281—Right of Way Cleaning

Dear Mr. Farrell,

The Washington Metropolitan Area Transit Authority (WMATA) acknowledges receipt of your January 16, 2020 Public Access to Records Policy (PARP) request for all bids submitted in response to Solicitation IFB FQ19281—2019 for the Right of Way Cleaning—General Services.

1

Your request is being processed pursuant to the PARP, which is available online at https://www.wmata.com/about/records/public-records.cfm under the section marked "Legal Affairs."

**General Information Regarding Your Request**

Although we are not yet able to provide any responsive records, we can impart the following general information regarding your request:

Time Period for Processing Requests

WMATA generally aims to respond to a request for records within 20 business days following receipt of the request.  However, requests are processed in the order they are received.  Furthermore, additional processing time is required for requests that prove to be complex.

Specifically, please be advised that your records request includes records submitted to WMATA by a third party, which requires us to contact the third party to identify confidential and proprietary information.  WMATA will not release any records until it has made a decision with respect to any such assertions made by the third party.

Exemptions

The PARP provides exemptions for certain types of data, including: (1) information that could compromise WMATA infrastructure or security; (2) information that is solely related to the internal personnel rules and practices; (3) information that is exempt by statute; (4) proprietary commercial or financial information; (5) internal deliberations on policy matters or attorney-client privileged communications; (6) information that, if released, would cause a clearly unwarranted invasion of personal privacy; (7) certain information compiled for law enforcement purposes; (8) registered SmarTrip® information; and (9) customer financial information.  Generally, WMATA's response will not include any exempt information.

Processing Fees

The PARP also provides for the assessment of fees associated with a request that requires more than two hours of staff time to process.  These fees are calculated at the employees' basic rate of pay, plus an additional 50 percent to cover benefits, for the time spent responding to a request. In general, a request is considered an agreement to pay all applicable fees.  Advance payment is required where the fees are likely to exceed $250.

Future correspondence should reference the request number noted in the subject line of this correspondence. If you have any questions, please contact me at ssabri@wmata.com or 202-962-2058.  If I am unavailable, you may contact Richard Noh at RDNoh@wmata.com or 202-962-2569.


Sincerely,



*Suraya Sabri*
*Associate Counsel*
WMATA
600 Fifth Street, NW
Washington, DC  20001
P: 202-962-2058
F: 202-962-2550
E: ssabri@wmata.com

THIS TRANSMISSION IS INTENDED ONLY FOR THE PROPER RECIPIENT(S).  IT IS CONFIDENTIAL AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED INFORMATION OR INFORMATION PREPARED IN ANTICIPATION OF LITIGATION.  IF YOU ARE NOT THE PROPER RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY AND DELETE THIS MESSAGE.  ANY UNAUTHORIZED REVIEW, COPYING, OR USE OF THIS MESSAGE IS PROHIBITED.

# EXHIBIT E

## Robert S. Turchick

| | |
|---|---|
| **From:** | Sabri, Suraya <SSabri@wmata.com> |
| **Sent:** | Wednesday, February 26, 2020 11:17 AM |
| **To:** | Robert S. Turchick; Noh, Richard D. |
| **Cc:** | Shawn R. Farrell; Jessica Kopania; Michelle M. Marano |
| **Subject:** | RE: <External>RE: PARP Request No. 20-0016; Bids for IFB FQ19281—Right of Way Cleaning [CSPGF-ACTIVE.FID561957] |

Dear Mr. Turchick,

Thank you for following up.  We are still processing your request.  Please note that requests are processed in the order they are received.


Sincerely,
Suraya Sabri

---

**From:** Robert S. Turchick <RTurchick@cohenseglias.com>
**Sent:** Tuesday, February 25, 2020 10:44 AM
**To:** Sabri, Suraya <SSabri@wmata.com>; Noh, Richard D. <RDNoh@wmata.com>
**Cc:** Shawn R. Farrell <sfarrell@cohenseglias.com>; Jessica Kopania <JKopania@cohenseglias.com>; Michelle M. Marano <mmarano@cohenseglias.com>
**Subject:** <External>RE: PARP Request No. 20-0016; Bids for IFB FQ19281—Right of Way Cleaning [CSPGF-ACTIVE.FID561957]

> **CAUTION:**This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and have verified the authenticity of the message.

Suraya,

Please see below.  We anticipated WMATA's response to our PARP request yesterday.  Please advise when we can expect that response.

Regards,

**Robert S. Turchick** ▪ Attorney At Law
**Cohen Seglias Pallas Greenhall & Furman PC**
30 South 17th Street ▪ 19th Floor ▪ Philadelphia, PA 19103
P: 215.564.1700 ▪ F: 215.564.3066

website | offices | email



  Construction Law Signal

**Confidentiality Note:** This electronic message and any attachments ("message") is intended for use only by the individual or entity to which it is addressed and may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient of this

message, please reply to the sender that you received the message in error and delete all copies of the message from your computer and network. Dissemination, copying, or other use of this message by any person or entity other than the intended recipient is strictly prohibited.

Circular 230 Disclosure: To ensure compliance with IRS Circular 230, we inform you that any tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding Federal tax penalties, or (ii) promoting or marketing any transaction or matter discussed herein.

**From:** Sabri, Suraya <SSabri@wmata.com>
**Sent:** Monday, January 27, 2020 2:44 PM
**To:** Shawn R. Farrell <sfarrell@cohenseglias.com>
**Cc:** Robert S. Turchick <RTurchick@cohenseglias.com>; Noh, Richard D. <RDNoh@wmata.com>
**Subject:** PARP Request No. 20-0016; Bids for IFB FQ19281—Right of Way Cleaning

Dear Mr. Farrell,

The Washington Metropolitan Area Transit Authority (WMATA) acknowledges receipt of your January 16, 2020 Public Access to Records Policy (PARP) request for all bids submitted in response to Solicitation IFB FQ19281— 2019 for the Right of Way Cleaning—General Services.

Your request is being processed pursuant to the PARP, which is available online at https://www.wmata.com/about/records/public-records.cfm under the section marked "Legal Affairs."

**General Information Regarding Your Request**

Although we are not yet able to provide any responsive records, we can impart the following general information regarding your request:

Time Period for Processing Requests

WMATA generally aims to respond to a request for records within 20 business days following receipt of the request.  However, requests are processed in the order they are received.  Furthermore, additional processing time is required for requests that prove to be complex.

Specifically, please be advised that your records request includes records submitted to WMATA by a third party, which requires us to contact the third party to identify confidential and proprietary information.  WMATA will not release any records until it has made a decision with respect to any such assertions made by the third party.

Exemptions

The PARP provides exemptions for certain types of data, including: (1) information that could compromise WMATA infrastructure or security; (2) information that is solely related to the internal personnel rules and practices; (3) information that is exempt by statute; (4) proprietary commercial or financial information; (5) internal deliberations on policy matters or attorney-client privileged communications; (6) information that, if released, would cause a clearly unwarranted invasion of personal privacy; (7) certain information compiled for law enforcement purposes; (8) registered SmarTrip® information; and (9) customer financial information.  Generally, WMATA's response will not include any exempt information.

Processing Fees

The PARP also provides for the assessment of fees associated with a request that requires more than two hours of staff time to process.  These fees are calculated at the employees' basic rate of pay, plus an additional 50 percent to cover

benefits, for the time spent responding to a request. In general, a request is considered an agreement to pay all applicable fees.  Advance payment is required where the fees are likely to exceed $250.

Future correspondence should reference the request number noted in the subject line of this correspondence. If you have any questions, please contact me at ssabri@wmata.com or 202-962-2058.  If I am unavailable, you may contact Richard Noh at RDNoh@wmata.com or 202-962-2569.


Sincerely,



**Suraya Sabri**
*Associate Counsel*
WMATA
600 Fifth Street, NW
Washington, DC  20001
P: 202-962-2058
F: 202-962-2550
E: ssabri@wmata.com


THIS TRANSMISSION IS INTENDED ONLY FOR THE PROPER RECIPIENT(S).  IT IS CONFIDENTIAL AND MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED INFORMATION OR INFORMATION PREPARED IN ANTICIPATION OF LITIGATION.  IF YOU ARE NOT THE PROPER RECIPIENT, PLEASE NOTIFY THE SENDER IMMEDIATELY AND DELETE THIS MESSAGE.  ANY UNAUTHORIZED REVIEW, COPYING, OR USE OF THIS MESSAGE IS PROHIBITED.